IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH RENNA, | : CIVIL ACTION |
| | : FILE NO. |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : JURY TRIAL |
| FARRATECH, INC. | : |
| | : |
| Defendant. | : |

# **COMPLAINT**

Plaintiff Joseph Renna ("Renna"), by and through undersigned attorneys, asserts claims against Farratech, Inc. ("Farratech") under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), for unpaid overtime pay and other relief on the grounds set forth as follows:

**INTRODUCTION**

1.

This is an FLSA case in which Renna, a former service technician alleges that he was not paid overtime wages required under the FLSA. Specifically, Renna alleges that he regularly worked 50 hours during most work weeks and that Farratech

failed to compensate him statutory overtime wages throughout his employment as required by the Fair Labor Standards Act.

### a. Jurisdiction and Venue

2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district. Venue is also appropriate in this judicial district as Defendant Farratech has its registered agent for service in this district.

### b. Parties

4.

Plaintiff Renna is a natural person and resides in Pickens County, Georgia.

5.

At all times material hereto, Renna was an "employee" of Farratech within the meaning of 29 U.S.C. § 203(e)(1).

6.

Defendant Farratech is a Domestic Profit Corporation formed and licensed to do business in the State of Georgia.

7.

At all times material hereto, Farratech was an "employer" of Renna within the meaning of FLSA § 3(d), 29 U.S.C. §203(d).

8.

Defendant Farratech is subject to the personal jurisdiction of this Court.

9.

Farratech may be served with process via service on its registered agent, Maria Mendillo at 5875 Peachtree Industrial Blvd., Suite 340, Peachtree Corners, Georgia 30092.

   c. **Individual Coverage**

10.

During all times relevant from November 2019 through November 18, 2022 (hereinafter the "Relevant Time Period"), Renna was "engaged in commerce" as an employee of Farratech within the meaning of the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

### d. Enterprise Coverage

11.

At all times during the Relevant Time Period, Farratech was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During the Relevant Time Period, Farratech was engaged in the business of, among other things, providing copier and printer maintenance and repair services to businesses in the greater Atlanta area.

13.

During the Relevant Time Period, Renna and other employees of Farratech handled goods which moved in interstate commerce in the furtherance of the commercial purpose of Farratech including computers, telephones, copiers, printers and office supplies.

14.

During 2019, Farratech had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

During 2020, Farratech had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

During 2021, Farratech had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

17.

During 2022, Farratech had two or more "employees engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

18.

During 2019, Farratech had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2020, Farratech had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2021, Farratech had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2022, Farratech had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2019, Farratech had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2020, Farratech had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During 2021, Farratech had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

25.

During 2022, Farratech had or is expected to have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

At all times during the Relevant Time Period, Renna was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

27.

At all times during the Relevant Time Period, Farratech did not employ Renna in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

28.

At all times during the Relevant Time Period, Farratech did not employ Renna in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

29.

At all times during the Relevant Time Period, Farratech did not employ Renna in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

30.

At all times during the Relevant Time Period, Renna did not supervise two or more employees.

31.

At all times during the Relevant Time Period, Farratech did not employ Renna in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

32.

At all times during the Relevant Time Period, Renna did not have authority to hire employees on behalf of Farratech.

33.

At all times during the Relevant Time Period, Renna did not have authority to terminate employees on behalf of Farratech.

34.

At all times during the Relevant Time Period, Renna did not have any discretion to make decisions on matters of significance on behalf of Farratech.

35.

Farratech has failed to meet the requirements for any of the exemptions from the application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

e. **Additional Factual Allegations**

36.

Plaintiff Renna was employed by Defendant Farratech from approximately October 2019 through November 18, 2022 as a service technician.

37.

Throughout his employment, the primary job duty of Renna was to perform copier and printer repairs for Farratech's customers at the customer's locations.

38.

Throughout his employment, the work done by Renna as a service technician was an integral and essential part of Farratech's business.

39.

Throughout the Relevant Time Period, Renna was an employee engaged in commerce and was employed by an enterprise engaged in commerce.

40.

At all times during the Relevant Time Period, Renna normally worked 5 days per week, Monday through Friday.

41.

At times during the Relevant Time Period, Renna occasionally worked on a Saturday or a Sunday at the request of his Supervisor Thomas Mendillo.

42.

At times during the period from November 2019 until March 2020, Farratech employed two service technicians, including Renna.

43.

At times during the period from March 2020 through November 18, 2022, Renna was the sole service technician employed by Farratech.

44.

At all times during the period from approximately November 2019 through November 2021, Farratech scheduled Renna to work from 8:00 a.m. until 5:00 p.m.

45.

At all times during the period from approximately December 2021 through November 18, 2022, Farratech scheduled Renna to work from 7:00 a.m. until 4:00 p.m.

46.

Throughout the Relevant Time Period, Renna worked approximately 10 hours each workday.

47.

During the Relevant Time Period, Renna was not afforded a scheduled break of 30 minutes or more during each workday.

48.

During the Relevant Time Period, Renna did not take a break of 30 minutes or more during each workday.

49.

During the Relevant Time Period, Renna typically worked 50 hours per week during each non-holiday work week wherein he did not work on a Saturday or a Sunday.

50.

Throughout the Relevant Time Period, Farratech compensated Renna at a rate of $750.00 each work week.

51.

Throughout the Relevant Time Period, Farratech compensated Renna at a rate of $750.00 each work week regardless of the number of hours he worked.

52.

Throughout the Relevant Time Period, Farratech compensated Renna on a salary basis.

53.

Throughout the Relevant Time Period, Farratech did not compensate Renna on an hourly basis.

54.

29 U.S.C. § 207 requires that Farratech compensate Renna at a rate of one-and-one-half times his regular rate for all time worked in excess of forty (40) hours in a work week.

55.

Farratech knew or should have known that the 29 U.S.C. § 207 requires that Farratech pay Renna a premium for all hours worked above forty hours in any given workweek.

56.

At all times material hereto, Renna regularly worked more than forty (40) hours during a given workweek.

57.

At all times during the Relevant Time Period, Farratech was aware of the actual hours Renna worked during each work week.

58.

At all times material hereto, Farratech failed to pay Renna at one-and-one-half times his regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

59.

At all times material hereto, Farratech willfully failed to pay Renna at one-and-one-half times his regular hourly rate for time worked in excess of forty (40) hours in all workweeks.

60.

Upon information and belief, in failing or refusing to pay Renna overtime wages as required by the FLSA, Farratech has not relied on any letter ruling from the Department of Labor indicating that Renna was not entitled to overtime.

61.

Upon information and belief, in failing or refusing to pay Renna overtime wages as required by the FLSA, Farratech has not relied on any legal advice indicating that Renna was not entitled to overtime.

62.

Farratech's conduct constitutes willful violations of §207 of the FLSA, entitling Renna to all relief afforded under the FLSA, including the award of liquidated damages.

## CLAIMS FOR RELIEF

## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 207 and 215
**(Overtime Violations)**

63.

Paragraphs 1 through 62 are incorporated herein by this reference.

64.

Farratech's failure to compensate Renna for time actually worked in excess of 40 hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Renna for unpaid overtime compensation throughout his employment, liquidated damages in an amount equal to the unpaid compensation, plus reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Renna requests this Court:

(a) Take jurisdiction of this matter;

(b) Grant a trial by jury as to all matters properly triable to a jury;

(c) Issue a judgment declaring that Renna was covered by the provisions of the FLSA and that Farratech has failed to comply with the requirements of the FLSA;

(d) Award Renna payment for each overtime hour worked, calculated at one and one-half times the regular rate, plus liquidated damages equaling 100% of overtime due Renna, as required by the FLSA;

(e) Award Renna prejudgment interest on all amounts owed;

(f) Award Renna nominal damages;

(g) Award Renna his reasonable attorney's fees and expenses of litigation pursuant to § 29 U.S.C. 216(b); and

(h) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 2nd day of December, 2022.

101 Marietta Street
Suite 2650
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com

**Delong Caldwell Bridgers Fitzpatrick & Benjamin, LLC**

*s/ Mitchell D. Benjamin*
Mitchell D. Benjamin
Ga. Bar No. 049888

*/s/Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

Counsel for Plaintiff